IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **MIKE JOSEPH**, on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**VELOCITY THE GREATEST PHONE COMPANY EVER, INC.**, a Delaware Corporation, and **GLOBAL GATEWAY EXCHANGE, LLC**, an Ohio corporation,<br><br>**Defendants.** | CASE NO.<br><br>JUDGE<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Plaintiff Mike Joseph ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby brings suit against Defendants Velocity The Greatest Phone Company Ever, Inc. (herein "Velocity") and Global Gateway Exchange ("GGE"), alleging as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime wages and all allowable damages, interest, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA") for Plaintiff individually, and as a collective action (the "Collective Action") for Plaintiff and all current or former salary-paid LFEs company-wide who worked more than 40 hours in any workweek, for which they were internally classified and paid by Defendants as "exempt" from the overtime laws (each a "LFE" and collectively "LFEs") within the period beginning three years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "FLSA

1

relevant period"), who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA (each a "Collective Member" and collectively "Collective Members").

## THE PARTIES

2.  Plaintiff Mike Joseph ("Plaintiff") is, and was at all times relevant to his employment as alleged herein, a resident of Florida.

3.  Plaintiff worked as a LFE for Defendant Velocity during the period of approximately September, 2017 until approximately March, 2018 (Plaintiff's "period of LFE employment").

4.  According to its corporate filing with the Ohio Secretary of State, Defendant Velocity is a Delaware corporation and may be served with process on its registered agent, Incorp Services, Inc., 9435 Waterstone Blvd., Suite 140, Cincinnati, OH 45249. According to its website,[1] Defendant Velocity's corporate headquarters are located at 7130 Spring Meadows West Dr., Holland, OH 43528, within the Toledo forum of this federal judicial district.

5.  According to its corporate filing with the Ohio Secretary of State, Defendant GGE is an Ohio limited liability corporation and may be served with process on its registered agent, Incorp Services, Inc., 9435 Waterstone Blvd., Suite 140, Cincinnati, OH 45249. According to its website,[2] Defendant GGE's headquarters are located at 7130 Spring Meadows West Dr., Holland, OH 43528, within the Toledo forum of this federal judicial district.

6.  At all material times, Plaintiff was an employee as defined in 29 U.S.C. § 203(e)(1).

7.  Defendant Velocity employed Plaintiff to work as a LFE from the start of his employment in approximately September, 2017 until LFEs were directly and involuntarily

---

[1] http://www.velocity.org/contact-us (last viewed May 18, 2018)
[2] https://ggetechs.com/ (last viewed May 18, 2018)

transferred to employment with GGE in approximately March, 2018.

8. During the period that Plaintiff worked as a LFE for Velocity, Velocity was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

9. If and to the extent Defendant GGE employed Plaintiff to work as a FLE upon the transfer of LFE employment from Velocity to GGE, during that period GGE was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

10. During each calendar year of the FLSA relevant period, Velocity was an enterprise engaged in commerce that had annual gross sales of at least $500,000.

11. During each calendar year of the FLSA relevant period, GGE was an enterprise engaged in commerce that had annual gross sales of at least $500,000.

12. Defendants, individually and collectively, were an enterprise engaged in commerce that had annual gross sales of at least $500,000.

13. Defendants, individually and collectively, transacted business across state lines during each calendar year of the FLSA relevant period.

14. Plaintiff individually traveled and performed services as a LFE across state lines during his employment as a LFE.

15. The LFEs traveled and performed services as LFEs across state lines during their employment as LFEs.

**DEFENDANTS ARE A SINGLE ENTERPRISE AND SINGLE EMPLOYER**

16. Defendants were jointly Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

17. Upon information and belief, Defendant GGE is a wholly owned subsidiary of Defendant Velocity.

18. Defendants jointly employed Plaintiff and the Collective Members under the FLSA and the statutes at issue in the Class Action.

19. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1).

20. At all material times, Defendants performed related activities through unified operation and common control for a common business purpose.

21. Defendants are engaged in related activities, *i.e.*, providing and maintaining telecommunications products.

22. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

23. Defendants represent themselves to the general public through their website as a unified operation.[3]

24. The Velocity main website advertises for LFE positions (including LFE positions paid by GGE) and for how to become a "GGE Tech."[4]

25. Defendants share employees.

26. Defendants transferred the employment if its LFEs from Velocity as the employer to whom they report, to GGE as the employer to whom they report, in or about March, 2018.

27. Defendants' transfer of the LFEs' employment from Velocity as the employer to whom they report, to GGE as the employer to whom they report, was involuntary.

28. Plaintiff himself performed work for the benefit of both Defendants Velocity and GGE, although he received all of his paychecks from Defendant Velocity.

---

[3] http://www.velocity.org/ (last viewed May 18, 2018).
[4] *Id.; see also* http://www.velocity.org/resources/jobs (last viewed May 18, 2018)

4

29. Upon information and belief, Defendants share common management.

30. Upon information and belief, Defendants share common ownership.

31. Upon information and belief, Defendants share common corporate officers.

32. Upon information and belief, Defendants share common human resources and payroll services.

33. Defendants operate from the same company headquarters.

34. Defendants share the same registered agent.

35. Defendants advertise together on the same website.

36. Defendants provide the same array of products and services to their customers as serviced by LFEs.

37. Defendants provide the same service product to their customers as serviced by LFEs by using a common system of internally classifying positions as exempt or non-exempt when conducting business.

38. Part of that common system of internally classifying positions as exempt is the classification of LFEs as exempt, as alleged in this complaint.

## JURISDICTION & VENUE

39. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

40. Venue is proper in the Toledo forum of this judicial district under 28 U.S.C. § 1391 because Defendants operate out of corporate headquarters located within the Toledo forum of this judicial district; and a substantial part of the events giving rise to the claim herein occurred in the Toledo forum of this judicial district, including but not limited to corporate management of Plaintiff's and the LFEs' employment, FLSA classification, and payment of

wages at issue.

41. Defendants are subject to personal jurisdiction in this judicial district.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

42. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims individually and as a collective action on behalf of all persons who are or were formerly employed by any Defendant as LFEs at any time during the FLSA relevant period (the "Collective Members").

43. Plaintiff frequently worked over 40 hours in a workweek during his period of LFE employment, and received one or more paychecks on the regularly scheduled pay dates for such workweeks within the FLSA relevant period that did not contain overtime pay at time and a half his regular rate.

44. The Collective Members employed by Velocity frequently worked over 40 hours in a workweek during their respective periods of LFE employment, and received one or more paychecks on the regularly scheduled pay dates for such workweeks within the FLSA relevant period that did not contain overtime pay at at time and a half their regular rate(s).

45. The Collective Members employed by GGE as the successor employer from Velocity frequently worked over 40 hours in a workweek during their respective periods of LFE employment, and received one or more paychecks on the regularly scheduled pay dates for such workweeks within the FLSA relevant period that did not contain overtime pay.

46. Defendants are each, and jointly and severally, liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the other Collective Members.

47. There are many similarly situated current and former Collective Members who have not been paid overtime pay for hours worked over 40 in a workweek in violation of the

FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it; thus, notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

48. The Collective Members are known to Defendants, are readily-identifiable, and can be located through Defendants' records.

## STATEMENT OF FACTS

49. Defendant Velocity employed Plaintiff and the Collective Members as LFEs during the FLSA relevant period.

50. Defendant GGE employed the Collective Members as LFEs as a successor employer during the FLSA relevant period.

51. Defendants maintained control, oversight, and discretion over their operations, including their employment practices with respect to Plaintiff and the Collective Members.

52. Plaintiff's and the Collective Members' work was performed in the normal course of Defendants' business and was integrated into it.

53. Consistent with the Defendants' policy, pattern and/or practice, Plaintiff and the Collective Members worked over 40 hours in one or more workweeks, but Plaintiff and the Collective Members did not receive overtime pay on one or more regularly scheduled pay dates within the relevant period for hours worked as LFEs in excess of 40 in those workweeks.

54. The work that the Plaintiff and the Collective Members performed was assigned by Defendants and/or Defendants were aware of the work that they have performed.

55. Defendant Velocity's internal purposes classification of the exempt status under the FLSA of all of its LFE positions, including Plaintiff's position, was a centralized, company-wide policy, pattern and/or practice.

56. Defendant Velocity internally classified and paid Plaintiff and Velocity employee Collective Members as exempt from the overtime laws throughout the FLSA relevant period.

57. Defendant GGE's internal purposes classification of the exempt status under the FLSA of all of its LFE positions, including the same LFE position that Plaintif worked, was a centralized, company-wide policy, pattern and/or practice.

58. Defendant GGE internally classified and paid GGE employee Collective Members as exempt from the overtime laws throughout the FLSA relevant period.

59. Plaintiff's and the LFE's primary duty did not include duties qualifying for exemption from the FLSA's overtime pay requirements.

60. Regardless of where they worked, the work that Plaintiff and the Collective Members performed as part of their primary duty did not include:

   a. hiring;
   b. firing;
   c. disciplining their employer's other employees;
   d. scheduling;
   e. supervising and directing their employer's employees; or
   f. exercising meaningful independent judgment and discretion.

61. Plaintiff's and the LFEs' primary duties were manual in nature and were not performed in an office.

62. The performance of manual labor duties onsite at client locations occupied the majority of Plaintiff's and the LFEs' working hours.

63. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants internally classified, and paid, all of its LFE positions, including Plaintiff's position, as exempt from the maximum hour overtime compensation requirements of the FLSA, throughout the FLSA relevant period.

8

64. Upon information and belief, Defendants did not perform a person-by-person analysis of the LFEs' job duties when making the decision to classify the LFEs (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA.

65. Defendants' conduct alleged herein was willful and/or in reckless disregard of the FLSA and was undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime compensation to its LFEs.

66. Defendants knew that LFEs were not performing work that plainly and unmistakably complied with any FLSA exemption and acted willfully or recklessly in failing to classify and pay Plaintiff in his LFE position and other LFEs as non-exempt employees.

67. During the relevant periods, Defendants were aware or should have been aware, through its management-level employees, that Plaintiff in his LFE position and LFEs were primarily performing non-exempt duties.

68. During the relevant periods, Defendants were aware that Plaintiff worked in excess of 40 hours per workweek on one or more occasion.

69. During the relevant periods, Defendants were aware that LFEs worked in excess of 40 hours per workweek on one or more occasion.

70. During the relevant periods, Defendants were aware that when Plaintiff and any LFE worked in excess of 40 hours per workweek, Plaintiff and each such LFE did not receive overtime pay on the regular pay dates for those workweeks.

71. During the relevant periods, Defendants knew or recklessly disregarded the fact that the FLSA required them to pay Plaintiff and the Collective Members primarily performing non-exempt duties overtime pay for hours worked in excess of 40 per workweek.

72. Defendants' unlawful conduct was therefore willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime pay to LFEs.

73. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the Collective Members. This policy and pattern or practice includes but it is not limited to:

   a. willfully misclassifying Plaintiff and the Collective Members as exempt from the requirements of the FLSA;

   b. willfully failing to pay Plaintiff and the Collective Members overtime pay for hours that they worked in excess of 40 hours per week; and

   c. requiring Plaintiff and the Collective Members to perform non-exempt tasks as their primary duties.

## FIRST CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime Wages
### On Behalf of Plaintiff and the FLSA Collective

74. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

75. Defendants are subject to the coverage of the maximum hours and overtime

compensation provisions of the FLSA.

76. At all relevant times, Defendants employed Plaintiff as a joint employer or joint enterprise, and employed or continues to employ each of the Collective Members, within the meaning of the FLSA.

77. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

78. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the attached consent filed contemporaneously herewith.

79. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendants.

80. During the FLSA relevant period, Defendants had a policy and practice of not paying overtime pay to Plaintiff and the Collective Members for hours worked in excess of 40 hours per workweek.

81. As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

82. During the FLSA relevant period, Defendants did not keep accurate records of the start and end times of all compensable work time for Plaintiff and the Collective Members as required under the FLSA.

83. During the FLSA relevant period, Defendants failed to post notices in the workplace pertaining to Plaintiff's and other Collective Members' employees rights as required by 29 C.F.R. § 516.4.

84. Due to Defendants' actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Members were manual labor (not in an office) and involved non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Collective Members' job duties to ensure that they were performing exempt work as their primary job duties, Defendants' failure to keep accurate time records of Plaintiff's and the Collective Members' hours worked, Defendants' failure to post notices in the workplace notifying Plaintiff and the Collective Members of their rights under the FLSA, and Defendants' knowledge that Plaintiff and the Collective Members worked overtime hours without receiving overtime compensation, Defendants knew and/or showed reckless disregard that their conduct was prohibited by the FLSA, 29 U.S.C. § 255(a).

85. As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Members, is entitled (a) to recover from Defendants unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

86. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff seeks entry of a judgment against Defendants, individually and jointly and severally as a single enterprise and employer, finding liability under the FLSA, and entering the following relief on behalf of himself and all others similarly-situated:

A. Designation of this action as an FLSA collective action on behalf of the Collective Members and prompt issuance of notice to all similarly-situated

persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C. An award of unpaid wages under the FLSA for all hours worked as LFEs in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay;

D. An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay;

E. An award of all allowable interest;

F. An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiff; and

G. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

 /s/ C. Andrew Head
C. Andrew Head
Bethany A. Hilbert (application for admission to be filed)
Attorneys for Plaintiff
**HEAD LAW FIRM, LLC**
4422 N Ravenswood Ave
Chicago, IL 60640
T: (404) 924-4151
F: (404) 796-7338
E: ahead@headlawfirm.com
bhilbert@headlawfirm.com

## **JURY TRIAL DEMANDED**

Plaintiff, individually and on behalf of the FLSA Collective Members, demands a trial by jury for all issues so triable.

/s/ C. Andrew Head
One of the Attorneys for Plaintiff